# RE HODKINSON.

PATENTS; CONDUIT; PATENTABILITY; IMPROVED PROCESS.

1. An iron or steel conduit pipe for electric wires, having on its exterior surface an inner coating of copper and an outer coating of zinc, is not patentable as an article of manufacture, in view of the prior state of the art.
2. That an applicant for a patent for an article of manufacture, whose claims have been anticipated, proposes to produce the article by an improved process, is immaterial.
3. The decision of the Commissioner of Patents rejecting a claim as not patentable over the prior art will not be disturbed, where the difference between the rejected claim and earlier ones is but a matter of degree, and apparently slight.

No. 788.   Patent Appeals.   Submitted May 17, 1912.   Decided May, 30, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting certain claims in an application for a patent.                                              *Affirmed.*

The facts are stated in the opinion.

*Mr. Clarence P. Byrnes* and *Mr. G. H. Parmelee* for the appellant.

*Mr. Robert F. Whitehead* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents rejecting certain claims in appellant's application for an improvement in conduits for electric wires.    The rejected claims are as follows:

"1. An iron or steel conduit pipe capable of being bent or flexed, and having on one surface a coating composed of two different metals, the inner coating being of a metal which will adhere closely to the iron or steel of the pipe, and which has a greater affinity for the outer coating than the iron or steel of the pipe has.

"2. An iron or steel conduit pipe capable of being flexed or bent, and having an outer coating composed of copper and zinc, the copper being applied directly to the iron or steel surface, and the zinc being over the copper.

"3. An iron or steel conduit pipe capable of being flexed or bent, and having an outer coating composed of copper and zinc, the copper being applied directly to the iron or steel surface, the zinc being over the copper, and the inner surface of the pipe having a flexible enamel coating.

"4. As a new article of manufacture, an iron or steel conduit pipe having an outer coating composed of an inner layer of copper applied directly to the surface of the pipe, and an outer layer of zinc which is of substantially uniform density and thickness, the compound coating being capable of being flexed or bent with the pipe.

"5. As a new article of manufacture, an iron or steel conduit pipe having an outer coating composed of an inner layer of copper applied directly to the surface of the pipe, and an outer layer of zinc which is of substantially uniform density, purity,

and thickness, the compound coating being capable of being flexed or bent with the pipe."

The object of the invention sought to be covered by a patent is to provide an article of manufacture consisting of a conduit for electric wires with a protective coating which will not crack or flake off when the pipe is bent. It is composed of an iron or steel conduit pipe, on the exterior surface of which is an inner coating of copper and an outer coating of zinc.

These claims were rejected by the Primary Examiner as defining nothing new over certain patents in the prior art. Patent to one Murphy discloses the application of an internal enamel coating directly to the pipe. Patent to one Wahl shows the exterior coating formed of an inner layer of copper and an outer layer of zinc.

Appellant seeks to differentiate his improvement by pointing out that in the Wahl patent the zinc coating is applied by means of the "hot galvanizing" method; whereas he uses what is known as "electrodeposition." By the use of this latter process, he claims that a much superior article is produced. It must be remembered that this is not an application for a patent for an improved process, but for an article of manufacture made by whatever process one may choose to employ. Hence, if the claims fail to define an article of manufacture patentable over the prior art, the superiority of the process by which it is produced avails appellant nothing.

Claims 1 and 2 call for nothing more than a pipe with an outer coating composed of an inner layer of copper and an outer layer of zinc, which is fully disclosed in the Wahl patent. Claim 3 adds to this the flexible coating of enamel applied to the inner surface of the pipe, as shown in the Murphy patent. These claims are therefore clearly anticipated.

Great stress is laid by counsel for appellant upon the limitations in claims 4 and 5 that the outer layer of zinc is of substantially uniform density, purity, and thickness, and that the compound coating of copper and zinc is capable of being flexed and bent. The same advantages are described as being present in the conduit of the Wahl patent. As the two articles differ,

if at all, but in a matter of degree apparently slight, we do not feel justified in overturning the rulings of the experts of the Patent Office upon this technical question.   It may be that appellant has a novel process for which he is entitled to a patent, but upon this point we express no opinion.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                    *Affirmed.*